UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AXIS SURPLUS INSURANCE COMPANY,

    Plaintiff / Counter-Defendant,

                                                     Civil No.07-14903
                                                     Hon. John Feikens

    v.

CLEAR!BLUE, INC.,

    Defendant / Counter-Plaintiff.

_____/

**OPINION AND ORDER**

In September 2005, Plaintiff Axis Surplus Insurance Company ("Axis") issued a Miscellaneous Professional Liability Policy (the "Policy") to Defendant Clear!Blue Inc., ("C!B"). In August 2007, Clear Blue Inc. ("Clear Blue") brought suit against C!B for trademark infringement, unfair competition and deceptive trade practices. Axis filed this suit against C!B requesting a declaratory judgment stating that it is not responsible for defending or indemnifying C!B in its law suit with Clear Blue. C!B filed a response that included counter-claims against Axis for failure to defend and failure to indemnify.

C!B has filed a motion to dismiss and/or for partial summary judgment asking that I enter judgment against Axis for breaching the Policy and dismiss Axis's claim that it does not have a duty to defend or indemnify C!B in the North Carolina action. Axis has also filed a motion for summary judgment on its claim, asking me to declare that it does not have an obligation to

defend or indemnify C!B. For the reasons set forth below, I DENY C!B's motion to dismiss and/or for summary judgment and GRANT Axis's motion for summary judgment.

**I. Factual and Procedural Background**

C!B is a Michigan corporation that provides strategic communication and event planning services. On June 9, 2003, Clear Blue, a North Carolina company that provides traditional advertising services, contacted C!B. Clear Blue informed C!B that it had registered the trademark "Clear Blue" and that C!B would be hearing from its attorneys concerning trademark issues. On June 11, 2003, C!B flied a federal law suit against Clear Blue in the Eastern District of Michigan seeking declaratory relief and stating that it was under "reasonable and serious apprehension of imminent suit and/or trademark enforcement action by [Clear Blue]." Axis's Response to C!B's Motion to Dismiss and/for Summary Judgment, Exh. B. C!B never served Clear Blue with the complaint and the suit was eventually dismissed.

On June 20, 2003, C!B received the promised letter from Clear Blue's attorney. The letter stated that Clear Blue had registered the trademark "Clear Blue" for advertising services and alleged that C!B's use of the term "Clear Blue" and the website www.clearblue.biz infringed that trademark. C!B's Motion to Dismiss and/for Summary Judgment, Exh. B. The letter also addressed the possibility of a settlement between the two parties: "My client is willing to consider a proposal so long as it recognizes its prior rights in the trademark and provides a satisfactory, concrete basis for concluding that the arrangement would be sufficiently remunerative to justify allowing a third party use rights under the marks and registrations." Id.

The parties continued to correspond until the communications were ended by a letter on June 15 2004. In letter the attorney for Clear Blue explained that "there is nothing in either your

2

letter of the proposed agreement in the way of consideration to my client for giving up a substantial portion of the rights she has acquired in this mark over an extended period of exclusive use." Id. Clear Blue then stated why it would not longer interested in negotiating with C!B: "None of your client's conduct so far indicates a willingness to deal in good faith in this matter. For this reason, my client sees no reasons why it should engage in further discussion or debate with your client. If I am wrong in this conclusion, I am sure you will advise me." Id.

On September 7, 2005, C!B filed an application for a Miscellaneous Professional Liability Policy with Axis. In question #11B of the Policy application, C!B was asked, "Are any of YOU aware of any actual or alleged fact, circumstance, situation, error or omission which may reasonably be expected to result in a claim being made against YOU or any of the persons or entitles described in 11A above?" Axis's Response to C!B's Motion to Dismiss and/for Summary Judgment, Exh. F. C!B answered, "No." Id.

The Policy describes the type of claims it covers:

This Policy will apply to a written Claim first made against any Insured arising from a Wrongful Act committed between the Retroactive Date and the Inception Date of the policy, but only if all of the following condition are met:
(1) The written Claim is first made against any Insured during the Policy Period. The Company will consider a Claim to be first made against the Insured when a written Claim is received by the Insured;
(2) No Insured knew, prior to the First Inception Date of the Inured's policy with the Company, of a circumstance that could reasonably be expected to lead to the Claim.

C!B's Motion to Dismiss and/for Summary Judgment, Exh. A. The Policy defines a claim as "a demand or assertion of a legal right seeking Damages made against any insured." Id. The Policy also provides a definition of the term damages. "'Damages' means money judgment, award or settlement...." Id.

In January and February 2007, C!B filed for and received a renewal of the Policy. Axis's

3

Response to C!B's Motion to Dismiss and/or for Summary Judgment, Exh. I, J. In August 2007, Clear Blue filed suit against C!B in federal court in North Carolina, bringing claims for trademark infringement, unfair trade practices and unfair competition. Several days later C!B filed suit against Clear Blue in the Eastern District of Michigan. The case was assigned to me and I dismissed it pursuant to the first-to-file doctrine so that the issue could be decided by the North Carolina district court.

On August 30, 2007, applied to Axis for coverage of the North Carolina law suit under the Policy. Response to C!B's Motion to Dismiss and/or for Summary Judgment, Exh. O. On September 11, 2007, Axis denied coverage. Id. Axis justified its decision on two grounds. First, it asserted that the claim at issue in the North Carolina suit was first raised in 2003 - prior to the inception of the Policy. Id. Second, Axis claimed that C!B committed application fraud by not disclosing it trademark dispute with Clear Blue on its application for insurance. Id.

After denying C!B coverage, Axis filed this lawsuit seeking a declaration that it is not obligated to defend or indemnify C!B in the North Carolina law suit. C!B filed a counterclaim contending that Axis has breached the Policy by not defending or indemnifying it. Now C!B has filed a motion to dismiss and/or for partial summary judgment asking that I enter judgment against Axis for breaching the Policy and dismiss Axis's claim that it does not have a duty to defend or indemnify C!B in the North Carolina action. Axis has also filed a motion for summary judgment on its claim, asking me to declare that it does not have an obligation to defend or indemnify C!B.

**II. LEGAL STANDARDS**

### A. Motion to Dismiss Under Rule 12(b)(6) and Rule 12(c)

The same standard applies to motions to dismiss brought under Federal Rule Civil Procedure 12(b)(6) and Rule 12 (c). <u>Lindsay v. Yates</u>, 498 F.3d 434, 438 (6th Cir. 2007). Pursuant to Fed. R. Civ. P. 12(b)(6), a party defending a claim may bring a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the party bringing the claim must plead factual allegations that "raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." <u>Bell Atlantic Corp. v. Twombley</u>, 127 S.Ct. 1955, 964-65, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted). If the party bringing the claim does not plead factual allegations that if proven would raise a right to relief above the speculative level, dismissal is proper. See <u>Id.</u>

### B. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A fact is material if it might affect the outcome of the suit under the governing law. See <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To show the existence of a genuine issue of material fact, the nonmoving party must have more than a scintilla of evidence to support its position; there must be sufficient evidence that a jury could reasonably find for the nonmoving party. See <u>Id.</u> at 252. In determining whether there is a genuine issue of material fact, the court must view the evidence and the inferences that can be reasonably drawn from it in the light most favorable to the non-moving

party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**III. ANALYSIS**

There are two questions at issue in both of the parties' motions: Was Clear Blue's claim against C!B made before C!B acquired the policy; and did C!B commit application fraud by failing to disclose its communications with Clear Blue.

### A. Did Clear Blue's Claim Against C!B Arise Before C!B Acquired the Policy?

Under the terms of the Policy, if Clear Blue made a claim before C!B received the Policy, the Policy does not cover the claim and Axis is not obligated to defend to indemnify C!B. C!B's Motion to Dismiss and/for Summary Judgment, Exh. A. The central question is, therefore, whether Clear Blue's letters in June 2003 and June 2004 constituted a claim under the Policy. "An insurance policy is much the same as any other contract." Auto-Owners Ins. Co. v. Churchman, 440 Mich. 560, 566, 489 N.W.2d 431 (1992). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." McIntosh v. Groomes, 227 Mich. 215, 218, 198 N.W. 954 (1924). If terms are defined in the Policy, they are interpreted according to the Policy's definitions; if terms are not defined in the Policy they are interpreted according to their ordinary meaning. See English v. Blue Cross Blue Shield of Michigan, 263 Mich.App. 449, 471-472, 688 N.W.2d 523 (2004).

Pursuant to the Policy, to make a claim a party must (1) make a demand or assert a legal right and (2) seek damages. C!B's Motion to Dismiss and/for Summary Judgment, Exh. A. The Policy defines damages as a "money judgment, award or settlement." Id. The term "seek" is not defined in the Policy. Used in this context, the ordinary meaning for the term "seek" is "to

6

inquire for; request." The American Heritage® Dictionary of the English Language, Fourth Edition. Houghton Mifflin Company, 2004. 31 Mar. 2008.

Clear Blue's letter to C!B on June 23, 2003, asserts a legal right. In his letter to C!B, Clear Blue's attorney states that "[y]our firm's use of my clients trademark is trademark infringement under the laws of the United States of America." <u>C!B's Motion to Dismiss and/for Summary Judgment</u>, Exh. B. Later, Clear Blue's attorney alleges that "[y]our firm's use of the domain name www.clearblue.biz is also a violation of my client's trademark rights...." <u>Id.</u>

The contested issue is whether Clear Blue sent its June 2003 letter seeking a money judgment, award or settlement. I find that it did. In the letter, Clear Blue's attorney explains, "[m]y client is willing to consider a proposal so long as it recognizes its prior rights in the trademark and provides a satisfactory, concrete basis for concluding that the arrangement would be <u>sufficiently remunerative</u> to allow a third party to use rights under the marks and registration." <u>Id.</u> (emphasis added). The letter concludes with the threat that if an agreement is not reached, Clear Blue will insist that C!B stop using the mark. <u>Id.</u>

I believe that this letter was written for the express purpose of seeking a money settlement. It begins with Clear Blue asserting a right and providing the grounds for its settlement request. It then specifies that an acceptable settlement must be sufficiently remunerative, and concludes with a threat of action on the right if a money settlement is not reached.

For these reasons, I find that Clear Blue's June 2003 letter was a claim under the terms of the Policy.

### B. Did Clear Blue Commit Application Fraud?

Because I have found that Clear Blue's claim against C!B arose before C!B received the Policy, I do not need to analyze whether C!B committed application fraud.

### CONCLUSION

For the reasons set forth above, I find that because Clear Blue made its claim before C!B received its policy, Axis does not have an obligation under the Policy to defend of reimburse C!B in its current suit with Clear Blue. Accordingly, I GRANT Axis's motion for summary judgment and DISMISS C!B's counter-claims and DENY C!B's motion to dismiss and/or for partial summary judgment on the pleadings.

**IT IS SO ORDERED.**


Date:   May 12, 2008                    s/John Feikens
                                        United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on May 12, 2008, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager